UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RODNEY SCHILLING,<br><br>Plaintiff,<br><br>v.<br><br>PAUL PANTHER, Deputy Attorney General; MARK KUBINSKI, Deputy Attorney General for Idaho; LESLIE HAYES, Deputy Attorney General for Idaho; BRENT REINKE, Former Director of Prisons for Idaho; KEVIN KEMPF, Director Of Prisons for Idaho; RANDY BLADES, Warden of Idaho Correctional Center; KEITH YORDY, Warden of Idaho State Correctional Institution; KARA NIELSON, Office of Professional Standards Investigator; JARED WATSON, Ada County Sheriff's Department Detective; and JOHN and JANE DOES; all named Defendants are named in their individual and official capacities,<br><br>Defendants. | Case No. 1:16-cv-00168-DCN<br><br>**ORDER ADOPTING, IN PART, REPORT AND RECOMMENDATION (DKT. 35)** |

# I. INTRODUCTION

On August 1, 2018, United States Magistrate Judge Candy W. Dale issued a Report and Recommendation ("Report"), recommending that: (1) Defendants' Motion to Dismiss (Dkt. 23) be GRANTED, (2) Plaintiff Rodney Schilling's ("Schilling") claims be dismissed without prejudice; and (3) that Schilling's Motion for Summary Judgment (Dkt. 27) be DENIED as MOOT.

ORDER ADOPTING, IN PART, REPORT AND RECOMMENDATION - 1

Any party may challenge a magistrate judge's proposed recommendation by filing written objections to the report and recommendation within fourteen days after being served with a copy of the same. *See* 28 U.S.C. § 636(b)(1); Local Civil Rule 72.1(b). On August 15, 2018, Schilling filed a Motion for Reconsideration for Reason of Equitable Tolling. Dkt. 36. This motion addresses the recommendations contained within the Report, and the Court will treat its contents as Schilling's formal objections to the Report.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." Where the parties object to a report and recommendation, this Court "shall make a *de novo* determination of those portions of the report . . . to which objection is made." *Id*. Where, however, no objections are filed, the district court need not conduct a *de novo* review.

The Ninth Circuit has interpreted the requirements of 28 U.S.C. § 636(b)(1)(C) as follows:

> The statute [28 U.S.C. § 636(b)(1)(C)] makes it clear that the district judge must review the magistrate judge's findings and recommendations *de novo* if objection is made, but not otherwise. . . .to the extent *de novo* review is required to satisfy Article III concerns, it need not be exercised unless requested by the parties. Neither the Constitution nor the statute requires a district judge to review, *de novo*, findings and recommendations that the parties themselves accept as correct.

*United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (internal quotation marks and citations omitted); *see also Wang v. Masaitis*, 416 F.3d 993, 1000 & n.13 (9th Cir. 2005).

## III. DISCUSSION

The relevant background of this case is set forth in the Report (Dkt. 35, at 2-8) and the Court now incorporates that background in full by reference. The Court has reviewed the entire Report as well as the full record in this matter. It has also considered Schilling's objections to the Report. After conducting the requisite *de novo* review, the Court largely agrees with the Report's recitation of the facts, determination of the applicable law, discussion of the applicable law, analysis, reasoning, and conclusions. The Court, however, departs from the Report in two respects.

First, the Court simply notes that First Amendment retaliation claims can be, and have been, brought by non-prisoners. While the Report does not specifically state that a non-prisoner cannot bring such claims, the language used in the Report seems to imply that Schilling's status as a non-prisoner somehow hinders his First Amendment Retaliation claim. *See* Dkt. 35, at 12. The Court disagrees with that notion but agrees with the Report's statement that Schilling "has not demonstrated or provided facts to support plausible claims that Defendants were involved in a conspiracy, that Defendants deprived Schilling of a First Amendment right, or that the objective of Defendant's conspiracy was to injure Schilling because of his testimony in the *Wood v. Martin* lawsuit." *Id.*

Second, rather than following the Report's recommendation that the Court dismiss Schilling's claims without prejudice, the Court will dismiss Schilling's claims with prejudice. The Court understands that dismissal with prejudice is a harsh remedy, and it does not take this step lightly. It also understands that, ordinarily, dismissing a complaint without leave to amend is inappropriate unless it is beyond doubt that the complaint could

not be saved by an amendment. *See Harris v. Amgen, Inc*., 573 F.3d 728, 737 (9th Cir. 2009).

Here, the Court has considered less drastic alternatives, such as allowing Schilling another opportunity to amend his complaint, but the Court finds that doing so would be futile. This Court has already allowed Schilling to file an amended complaint. That complaint once again failed to state plausible and viable claims, and Schilling has repeatedly failed to allege sufficient facts to support his claims.

Schilling did, in fact, seek leave to file a third amended complaint, but shortly thereafter filed a Motion for Summary Judgment instead. That motion raised a new allegation: that Defendants violated the Idaho Protection of Public Employees Act, also known as the "Whistleblower Protection Act." Idaho Code Section 6-2101 *et seq.* Despite Schilling's failure to formally plead this new claim, Judge Dale considered its merits in her Report, and found that it was time-barred.

Schilling's Motion for Reconsideration argues that the Court should apply the principle of "equitable tolling" and allow his Whistleblower Protection Act claim to go forward. *See generally* Dkt. 36. The Court disagrees. Schilling relies on Arizona state court decisions to support his equitable tolling argument, which are not binding on this Court. Additionally, "statutes of limitation in Idaho are not tolled by judicial construction but rather by the expressed language of the statute." *McCuskey v. Canyon County Comm'rs*, 912 P.2d 100, 105 (Idaho 1996) (quoting *Independent School Dist. of Boise City v. Callister*, 539 P.2d 987, 991 (1975)). Nothing in the relevant portions of the Idaho Protection of Public Employees Act supports an argument for equitable tolling.

Normally, the Court would be inclined to allow Schilling another opportunity to amend his complaint, because he has not had the opportunity to amend since raising his Whistleblower Protection Act claim. This is especially true given Schilling's status as a *pro se* plaintiff. *See Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc) (explaining that courts "have an obligation where the petitioner is *pro se*, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt"). However, since Schilling's Whistleblower claim is clearly time-barred, any amendment would be futile.

Ultimately, courts cannot allow parties unlimited opportunities to amend their complaints. At a certain point, the proper course of action is dismissal with prejudice. The "harshness of a dismissal with prejudice is directly proportionate to the likelihood that plaintiff would prevail if permitted to go forward to trial." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996) (quoting *Von Poppenheim v. Portland Boxing & Wrestling Comm'n,* 442 F.2d 1047, 1053 n.4 (9th Cir. 1971)). The likelihood of Schilling prevailing on his claims at trial is minimal. The Report concluded that Schilling has failed to "state claims to relief that are plausible on their face." Dkt. 35, at 15. After conducting a *de novo* review, this Court agrees. Schilling's claims are either unsupported by the facts alleged—even after the Court allowed Schilling to amend his complaint—or Schilling cannot remedy the deficiencies through amendment.

A review of each claim confirms this conclusion. Schilling cannot prevail on his Eighth Amendment claims because he has not been charged or convicted of any crime related to this dispute. *See Ingraham v. Wright*, 430 U.S. 651, 664 (1977) ("In the few cases

where the [Supreme] Court has had occasion to confront claims that impositions outside the criminal process constituted cruel and unusual punishment, it has had no difficulty finding the Eighth Amendment inapplicable.").

Similarly, as noted above, an amendment cannot remedy Schilling's Whistleblower Protection Act claim because it is time-barred. Additionally, any claim Schilling attempts to bring under 42 U.S.C. § 1985 is fruitless because he has not claimed, nor has he presented facts supporting the conclusion, that any of the Defendants' acts were fueled by or underscored by racial or invidiously discriminatory class-based animus. *Briley v. California*, 564 F.2d 849, 859 (9th Cir. 1977) (quoting *Griffin v. Breckenridge*, 403 U.S. 88, 101-02 (1971) ("§ 1985 was not 'intended to apply to all tortious, conspiratorial interferences with the rights of others,' but only to those which were founded upon 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus.'").

That leaves only Schilling's First Amendment claims. The Court has already provided Schilling with a formal opportunity to amend his complaint and provide additional facts to support these claims. His amended complaint failed to do so. His Motion for Summary Judgment (which Judge Dale essentially treated as another amended complaint) also failed to do so. Rather than allowing yet another opportunity for Schilling to amend, the Court deems it best to dismiss his claims with prejudice. The Court, therefore, overrules Schilling's objections, and adopts the Report in part.

## IV. ORDER

The Court HEREBY ORDERS:

1. The Report and Recommendation entered on August 1, 2018 (Dkt. 35) is **ADOPTED IN PART**, consistent with the above analysis, and as set forth below.

2. Defendants' Motion to Dismiss (Dkt. 23) is **GRANTED.**

3. Schilling's claims are **DISMISSED WITH PREJUDICE**.

4. Schilling's Motion for Summary Judgment (Dkt. 27) is **DENIED** as **MOOT.**

5. Schilling's Motion for Reconsideration (Dkt. 36) is **DENIED**.

DATED: September 27, 2018

_____
David C. Nye
U.S. District Court Judge